UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Robert P. DesRoches,
    Plaintiff

    v.                                        Civil No. 08-cv-363-SM
                                            Opinion No. 2009 DNH 095
Naomi C. Earp, Chair,
Equal Employment
Opportunity Commission,
    Defendant

**O R D E R**

Robert DesRoches seeks relief from a decision of the Equal Employment Opportunity Commission ("EEOC"). The Commission denied his petition to enforce a previous EEOC order awarding him substantial damages and prospective equitable relief on a discrimination claim against his former employer, the United States Postal Service ("USPS"). DesRoches asserts claims under the Accardi doctrine,[1] for alleged violations of 26 C.F.R. § 1614.503(c) (Count I), and under the Administrative Procedure Act ("APA") (Count II). Before the court are defendant's motion to dismiss or for summary judgment, and plaintiff's cross motion for judgment on the pleadings. Each motion is duly opposed. For the reasons given, defendant's motion is granted and plaintiff's motion is necessarily denied.

---

[1] The Accardi doctrine provides that "[a]n agency has an obligation to abide by its own regulations." Rotinsulu v. Mukasey, 515 F.3d 68, 72 (1st Cir. 2008) (citing United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 265-67 (1954)).

**Legal Standard**

A motion to dismiss for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "[A] complaint is properly dismissed for failure to state a claim 'only if the facts lend themselves to no viable theories of recovery.'" Garnier v. Rodríguez, 506 F.3d 22, 26 (1st Cir. 2007) (quoting Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85, 88 (1st Cir. 2007)).

**Background**

The facts of this case have been detailed in several orders in a related case, DesRoches v. Potter, No. 05-cv-88-PB, so are described here only in brief.  In 1998, DesRoches obtained a favorable decision from the EEOC on a discrimination claim he brought against the USPS.  The EEOC denied the USPS's request for reconsideration in 2000 and ordered the USPS to award DesRoches "a full-time regular distribution clerk, PS-05, position retroactive to April 30, 1992"[2] along with "appropriate back pay

---

[2] Because the USPS action on which the EEOC decision was based took place in April of 1994, it is unclear why relief was awarded retroactive to April of 1992.  The EEOC now says that the 1992 date was a typographical error.  DesRoches disagrees.  Because it is not material to this case, there is no need to resolve that issue.

2

and benefits."  (Pl.'s Obj. (document no. 10), Ex. 3, at 2.)
More than two years later, the USPS had still not remitted any
back pay.  In August of 2002, the USPS offered DesRoches a
position, but he declined on grounds that it was not equivalent
to the position he was entitled to under the EEOC's order.  After
the USPS offered DesRoches the allegedly non-compliant position,
he filed a petition for enforcement of the 2000 order with the
EEOC.

In October of 2004, while DesRoches's petition for
enforcement was being adjudicated, the USPS offered him "a full-
time regular distribution clerk, PS-05, position," i.e., a
position that, he concedes, was fully compliant with the 2000
EEOC order.  He declined that position as well.  Then, in January
of 2005, the USPS paid DesRoches $317,325.25, representing back
pay and interest from April 30, 1992, through September 23,
2002.[3]

In February of 2005, the EEOC issued a decision on
DesRoches's petition for enforcement.  It found that "[t]he
agency has submitted documentation demonstrating that petitioner
was assigned to a full-time regular distribution clerk position
prior to April 30, 1994" and further found that "petitioner is

---

[3] That was thirty days after the USPS offered DesRoches the position he considered non-compliant with the 2000 EEOC order.

3

not entitled to back pay and benefits" because he "ceased coming to work as of January 7, 1994," and was discharged for that reason, and his discharge was upheld on appeal. (Pl.'s Obj, Ex. 5, at 2.)  Accordingly, the EEOC concluded: "[W]e find that the agency has complied with all provisions in our Order. Petitioner's petition for enforcement is denied." (Id. at 3.) Essentially, the EEOC declined to enforce its 2000 order not because the USPS had fully complied with its terms, but because the EEOC decided that it had erred in issuing the order in the first place, so declined to enforce it.

DesRoches then filed suit in this court against the USPS,[4] asking the court to vacate the 2005 EEOC decision and enforce the 2000 order (with additional back pay through October 31, 2004[5]).

---

[4] In its decision on DesRoches's petition for enforcement, the EEOC informed him of his right to file a civil action:

> This decision of the Commission is final, and there is no further right of administrative appeal . . . .  You have the right to file a civil action in an appropriate United States District court . . . .  If you file a civil action, you must name as the defendant . . . the person who is the official agency head or department head . . . .  Failure to do so may result in the dismissal of your case in court.

(Pl.'s Obj, Ex. 5, at 3.)

[5] That was thirty days after the USPS offered DesRoches a position that he concedes complied with the 2000 EEOC order.

The USPS, in turn, filed a counterclaim for unjust enrichment, seeking recovery of the sum already paid to DesRoches, which it now thinks it should not have paid, given the EEOC's comments in declining to enforce the 2000 order.  Judge Barbadoro granted the USPS judgment on the pleadings in that case, on grounds that the relief DesRoches sought was not available against the USPS under the governing statutes and regulations.  DesRoches, however, was allowed, but not required, to amend his complaint to assert a claim for the one form of relief he was statutorily entitled to pursue, <u>de novo</u> review of his discrimination claim against the USPS.

DesRoches did amend his complaint, and sought <u>de novo</u> review.[6]  He also asserted claims against the USPS under the <u>Accardi</u> doctrine and the APA.  The essential aspect of those claims was DesRoches's assertion that the EEOC violated the <u>Accardi</u> doctrine by failing to abide by its own regulations (in its 2005 decision) when it changed the substantive result of its 2000 decision, or diminished the relief ordered therein, and that the EEOC violated the APA by issuing a decision that was "arbitrary, capricious, an abuse of discretion, [and] otherwise

---

[6] A "trial <u>de novo</u>" is defined as "[a] new trial on the entire case – that is, on both questions of fact and issues of law – conducted <u>as if there had been no trial in the first instance</u>."  BLACK'S LAW DICTIONARY 1544 (8th ed. 2004) (citations omitted, emphasis added).

not in accordance with law," or that was "without observance of procedure required by law."  The <u>Accardi</u> and APA claims were both disallowed by the Magistrate Judge as futile, because they were brought against <u>the</u> <u>USPS</u> rather than against the EEOC — the agency that, according to DesRoches's allegations, failed to abide by its own regulations and acted in an arbitrary and capricious manner.  DesRoches moved to amend his complaint a second time, to add the EEOC as a defendant, but Judge Barbadoro denied the motion.  This separate suit against the EEOC followed.

## Discussion

In her motion to dismiss, defendant argues that: (1) plaintiff has failed to state a claim under the <u>Accardi</u> doctrine; (2) plaintiff has failed to state a claim under the APA; and (3) plaintiff's attack on the 2005 EEOC decision was mooted by his own election to pursue <u>de novo</u> review of his discrimination claim.  Defendant's third argument is dispositive.

In this case, plaintiff seeks an order vacating the 2005 EEOC decision and enforcing the 2000 EEOC administrative order. As defendant correctly points out, however, the 2005 decision has been rendered a legal nullity by DesRoches's invocation of his right to <u>de</u> <u>novo</u> review of the EEOC's final disposition of his claim.  See BLACK'S, <u>supra</u> note 7, at 1544.  The 2005 EEOC decision has no legal effect, and the issues raised in

DesRoches's amended complaint will be decided, de novo, in the related case pending before Judge Barbadoro.

Because the 2005 decision has been effectively vacated, plaintiff's current request to vacate that decision is moot, though the discrimination issues presented on the merits are subject to pending de novo review in the case before Judge Barbadoro. Because plaintiff's Accardi and APA claims are moot, he has failed to state a claim on which relief can be granted, and defendant is entitled to dismissal.[7]

Plaintiff offers a number of arguments against the proposition that his Accardi and APA claims are moot,[8] but none is sufficient to overcome the factual reality that plaintiff elected to pursue de novo review, and the legal reality that de novo review requires Judge Barbadoro to resolve the presented issues on the merits, "as if there had been no [EEOC

---

[7] It should be noted, in passing, that even if not moot, plaintiff's claims are probably non-starters in that his only option for review of the EEOC's administrative adjudication was the one he elected — de novo review. See, e.g., Hall v. EEOC, 456 F. Supp. 695, 700-701, (N.D. Cal. 1978).

[8] Among other things, plaintiff argues that the fact that Judge Barbadoro reached his claim in DesRoches v. Potter before this court reached the Accardi and APA claims in this case is merely an "accident of timing," and that "a favorable decision in this action moots the parallel action in DesRoches v. Potter – not the other way around." He also argues that the de novo review he sought is not an adequate remedy for his injury, but is precisely the injury he claims to have suffered.

determination] in the first instance."  BLACK'S, supra note 7, at 1544.  Plaintiff is necessarily charged with knowing that under applicable statutes and regulations, de novo review in a federal court means precisely that.

## Conclusion

For the reasons given, defendant's motion to dismiss (document no. 6) is granted and plaintiff's motion for judgment on the pleadings (document no. 11) is necessarily denied.  The clerk of the court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 25, 2009

cc: Leslie H. Johnson, Esq.
    T. David Plourde, Esq.